**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 17 2014, 8:58 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JAY A. RIGDON**
Rockhill Pinnick, LLP
Warsaw, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TODD A. KISER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 43A05-1309-CR-461 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE KOSCIUSKO SUPERIOR COURT
The Honorable Duane G. Huffer, Judge
Cause No. 43D01-1109-FC-492

**March 17, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Todd Kiser appeals his convictions and sentence for two counts of Class D felony residential entry and one count of Class D felony failure to appear. We affirm.

**Issues**

Kiser raises three issues, which we consolidate and restate as:

    I.      whether there is sufficient evidence to support his convictions; and

    II.    whether his four-year sentence is inappropriate.

**Facts**

In the summer of 2011, Cassandra Pontious and Kiser ended their long-term relationship, and Cassandra moved into her parents' home in Kosciusko County with the couple's three children. At around 4:00 a.m. on September 17, 2011, Cassandra woke up and found Kiser standing at the foot of her bed. The two argued, and Kiser left, slamming the door behind him and waking Cassandra's parents, Eric and Katrina Pontious. The three discussed the situation and called 911. Officers from the Kosciusko County Sheriff's Department investigated but could not locate Kiser.

Later that morning, Cassandra, Katrina, and Eric left for the day. When Katrina and Eric returned home around 8:30 p.m., Eric noticed that his hunting bag, which he kept in the garage, had been disturbed. He looked in the bag and saw that his shotgun, which was always unloaded, was missing. Eric and Katrina sought help from friends in law enforcement and then called 911. Although Kiser was not located during initial

2

searches of the house, he eventually was apprehended in a bedroom closet with the shotgun, which was loaded.

The State charged Kiser with Class C felony burglary and two counts of Class D felony residential entry. In February 2013, Kiser was represented by attorney David Kolbe. A pre-trial conference was scheduled for April 22, 2013, and Kiser was ordered to appear at that hearing. The chronological case summary ("CCS") indicates that notice was sent to Kiser and the bondsman. Kiser failed to appear at the April 22, 2013 hearing, and an arrest warrant was issued. The State then amended the charging information to include a charge of Class D felony failure to appear.

A jury found Kiser not guilty of the burglary charge and guilty of the two residential entry charges and the failure to appear charge. The trial court sentenced Kiser to one and one-half years on the first residential entry charge, two years on the second residential entry charge, and six months on the failure to appear charge. The trial court ordered the sentences be served consecutively for a total sentence of four years. Kiser now appeals.

**Analysis**

*I. Sufficiency of the Evidence*

Kiser argues there is insufficient evidence to support his convictions. When reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor assess the credibility of witnesses. Bailey v. State, 979 N.E.2d 133, 135 (Ind. 2012). We view the evidence—even if conflicting—and all reasonable inferences drawn from it in a light most favorable to the conviction and affirm if there is substantial evidence of

3

probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. Id.

"A person who knowingly or intentionally breaks and enters the dwelling of another person commits residential entry, a Class D felony." Ind. Code § 35-43-2-1.5. Kiser argues that the crux of his convictions is whether he believed he had the right to be in the residence of another. To the contrary, lack of consent is not an element of residential entry; instead, the defendant has the burden of raising consent as a defense. Holman v. State, 816 N.E.2d 78, 81 (Ind. Ct. App. 2004). "Once the defense is raised, the State has the burden of disproving the defense beyond a reasonable doubt." Id. "A defendant's belief that he has permission to enter must be reasonable in order for him to avail himself of the defense of consent." Id.

Kiser did not raise the issue of consent as an affirmative defense at trial. In fact, during his closing argument defense counsel stated:

> I'm not going to stand up here and insult your intelligence or insult the victims in this case by arguing otherwise, that he had some kind of consent or reason to be there, or the Pontious family gave him permission to be in their home. We know that's not true.

Tr. p. 141. Defense counsel concluded by asserting, "I submit to you that Todd Kiser is guilty of Residential Entry, but that is all." Id. at 145.

Even if Kiser had raised the defense, Eric testified that he told Kiser he could not move into the house, and Katrina testified that she had previously told Kiser he was not welcome there. This evidence was sufficient to establish that the Pontiouses did not

4

consent to his presence in their home. There is sufficient evidence to support the residential entry convictions.

Regarding the failure to appear conviction, a person who, having been released from lawful detention on condition that the person appear at a specified time and place in connection with a charge of a crime, intentionally fails to appear at that time and place commits failure to appear, which is a Class D felony if the charge was a felony charge. See I.C. § 35-44.1-2-9. Kiser contends that he did not know his presence was required at the April 22, 2013 hearing. His argument is based on Kolbe's trial testimony that he did not believe he told Kiser about the hearing. Even if Kolbe did not tell Kiser about the hearing, Kolbe testified that, according to the CCS, Kiser and his bondsman were notified of the hearing, and Kolbe agreed that the trial court issued a direct order to Kiser for him to appear at the hearing. Kolbe also testified that it was Kiser's responsibility to keep the court informed of his address and that the CCS did not indicate that the notice had been returned. This evidence is sufficient to establish that Kiser was notified of the hearing.[1]

### III. Sentence

Kiser argues that the imposition of consecutive sentences for the two counts of residential entry was inappropriate under Indiana Appellate Rule 7(B). Indiana Appellate Rule 7(B) permits us to revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offenses and the character of the offender. Although Rule 7(B) does not

---

[1] Kiser argues that other notices were returned to the trial court because the address was insufficient. Although Kiser included copies of these notices in his appendix, they were not admitted into evidence at the trial, and we decline to consider them on appeal.

5

require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. Id. "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." Id.

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest— the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. Id. at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

Kiser contends his sentence is excessive because the residential entry offenses are similar, occurred within one twenty-four-hour period, and involved the same people and location. He also points out that he was motivated by emotion, not personal gain or vengeance. We are not persuaded that a reduction of Kiser's four-year sentence is warranted.

6

Cassandra woke up in the middle of the night to find Kiser standing at the foot of her bed. After arguing, Kiser left. Later that day, he returned while the family was gone, armed himself with a loaded shotgun, and hid in a bedroom closet. Kiser then encouraged Eric to retrieve a note from the bedroom where he was hiding. Regardless of Kiser's former relationship with Cassandra, the nature of the offense does not call for the reduction of his sentence.

Likewise, Kiser's criminal history includes convictions for Class A misdemeanor conversion, Class A misdemeanor invasion of privacy, and Class A misdemeanor driving while suspended. He also had pending charges of criminal mischief/domestic violence, possession of drug paraphernalia, and domestic violence in the presence of a child. In 2011, Kiser was using heroin on a daily basis, which also shows his disregard for the law. Kiser has not established that his sentence is inappropriate.

## Conclusion

There is sufficient evidence to support Kiser's convictions, and his sentence is not inappropriate. We affirm.

Affirmed.

ROBB, J., and BROWN, J., concur.

7